Filed 8/29/13  In re Angelica M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ANGELICA M. et al., Persons Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>N.M.,<br><br>        Defendant and Appellant. | F067060<br><br>(Super. Ct. Nos. JP000226A, JP000226B)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Merced County.  John D. Kirihara, Judge.

Seth F. Gorman, under appointment by the Court of Appeal, for Defendant and Appellant.

James N. Fincher, County Counsel, and Sheri L. Damon, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Cornell, Acting P.J., Gomes, J. and Detjen, J.

N.M. (mother) appealed from a 2013 order terminating parental rights (Welf. & Inst. Code, § 366.26)[1] to her four-year-old daughter, Angelica, and three-year-old son, Eduardo (children). After reviewing the entire record, mother's court-appointed appellate counsel informed this court he could find no arguable issues to raise on mother's behalf. Counsel requested and this court granted leave for mother to personally file a letter setting forth a good cause showing that an arguable issue of reversible error did exist. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Mother has since submitted a letter in which she disputes certain facts from an earlier stage of the dependency proceedings. Her letter otherwise neither addresses the termination proceedings nor sets forth a good cause showing that any arguable issue of reversible error at the termination hearing does exist. (*In re Phoenix H., supra,* 47 Cal.4th at p. 844.) As discussed below, we will dismiss the appeal for lack of any arguable issue.

## PROCEDURAL AND FACTUAL HISTORY

Domestic violence and mother's suspected mental health problems brought then one-year-old Angelica and newborn Eduardo to the juvenile court's attention in the spring of 2010. In May of that year, the juvenile court exercised its dependency jurisdiction over the children but ordered them returned to parental custody under a plan of family maintenance. The plan included a parenting education program, anger management and/or domestic violence program, and a mental health evaluation for mother.

By January 2011, family maintenance proved ineffective in protecting the children, as the parents admittedly argued with and physically fought one another while they lived together with the children. Consequently, the court removed the children from parental custody and ordered reunification services for both parents.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

By the end of 2011, mother completed programs in parenting education and domestic violence, making sufficient progress that the court returned the children once more to her care and ordered continued family maintenance services. Meanwhile, father had been deported to Mexico. Prior to his deportation, he did not consistently participate in services, leading the court to terminate his services.

During the first half of 2012, Merced County Human Services Agency (agency) received several reports concerning the children's safety, including reports that mother allowed Angelica to go to the store with a man who was going to give her candy, left the gas on in the home while the children were present, allowed an alleged male gang member to live with her, and physically abused the children. The agency determined these reports were unfounded. However, the agency observed mother had difficulty processing information. The juvenile court approved an amended family maintenance services plan requiring mother to complete a psychological evaluation and follow any recommended treatment.

In August 2012, the agency received a call from mother's day care provider stating that mother arrived intoxicated and over three hours late to pick up the children. Mother admitted drinking alcohol and feeling depressed, however, she later denied any problem with alcohol. She also reportedly said she heard voices, had horrible dreams, and did not "belong to this world."

Consequently, the agency once again took the children into protective custody. In October 2012, the juvenile court, having found the agency provided mother reasonable services, terminated those services and set a section 366.26 hearing to select and implement a permanent plan for the children. This court upheld the juvenile court's reasonable services finding in an extraordinary writ proceeding (Cal. Rules of Court, rule 8.452). (*N.M. v. Superior Court* (Feb. 4, 2013, F066019) [nonpub. opn.].)

At the permanency planning hearing, the juvenile court terminated parental rights having found the children were likely to be adopted.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal should be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.) Here, mother does not raise any claim of error or other defect against the termination order from which she appeals.

Instead, she claims there are arguable issues about: "1. Leaving the gas on the stove on[;] ¶ 2. Allowing an alleged gang member to live with me and my children[;] ¶ 3. Mother was reportedly hours late for picking up the children from the day care providers[;] ¶ 4. That I became angry and yelled at the care provider in front of the children[; and] ¶ Also that I hit and was abussing [sic] on my kids and that's a lie. I never hit my son he felt [sic] and he hit his nose and face with the floor because the floor was hard." We disagree. None of mother's claims amount to legal issues.

Rather, mother appears to dispute reports about her conduct prior to the juvenile court's October 2012, setting order. As noted above, the agency determined many of these reports were unfounded. In any event, the time to challenge the sufficiency of the evidence before the juvenile court when it made its setting order has long since passed and is not reviewable on this appeal. (§ 366.26, subd. (*l*).)

At the permanency planning hearing, the court's proper focus was on the children to determine whether it was likely they would be adopted and if so, order termination of parental rights. Once reunification services are ordered terminated, the focus shifts to the needs of the children for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the children are likely to be adopted, adoption is the norm. Indeed, the court must order adoption and its necessary consequence, termination of parental rights, unless one of the specified circumstances provides a compelling reason

for finding that termination of parental rights would be detrimental to the children.  (*In re Celine R.* (2003) 31 Cal.4th 45, 53.)  Here, there was no compelling reason.

Given the lack of any arguable issue in this appeal, we will dismiss it.  (*In re Sade C.*, *supra,* 13 Cal.4th at p. 994.)

## DISPOSTION

The appeal is dismissed.  This opinion is final forthwith as to this court.